# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL WAKEFIELD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>　　　　　Defendants.<br>　　　　　　　　　　　　　　　　　／ | CASE NO. 1:09-cv-00064-LJO-SMS PC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION, WITH PREJUDICE<br><br>(Doc. 9) |

　　Plaintiff Darryl Wakefield is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On March 27, 2009, the undersigned screened Plaintiff's complaint, dismissed certain claims with prejudice, and dismissed other claims with leave to amend. 28 U.S.C. § 1915A. On April 10, 2009, Plaintiff filed a motion for reconsideration of the dismissal of his complaint for failure to state a claim. Fed. R. Civ. P. 60; Local Rule 78-230(k).

　　The Court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir. 1992). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-6 (9th Cir. 1988). Nor is reconsideration to be used to ask the Court to rethink what it has already thought. United States v. Rezzonico, 32 F.Supp.2d 1112, 1116 (D.Ariz.1998). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original

///

1

decision fails to carry the moving party's burden." U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983), en banc. To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds 828 F.2d 514 (9th Cir. 1987). When filing a motion for reconsideration, Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

Plaintiff's motion sets forth no grounds justifying his request for reconsideration. Plaintiff's bare assertion that he disagrees with the "entire" order and seeks reconsideration is insufficient. (Doc. 9, 2:2-3.) Further, Plaintiff's assertion that his Eighth Amendment claims were dismissed without leave to amend is without merit. Plaintiff's claims that staff failed to protect him from being gassed and failed to provide him with medical after the gassing were dismissed with leave to amend.

Plaintiff has not met his burden as the moving party, and his motion for reconsideration is HEREBY DENIED, with prejudice.

IT IS SO ORDERED.

**Dated:   April 14, 2009**              /s/ Lawrence J. O'Neill
                                    UNITED STATES DISTRICT JUDGE